# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:04cr121
## [3:12cv118]

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RODNEY FUNDERBURK. ) | |
| ) | |
| Defendant/Petitioner. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's/petitioner's "Motion to Vacate under 28 U.S.C. § 2255 and/or 28 U.S.C. § 2241 and/or Writ of *Coram Nobis"* pursuant to 28 U.S.C. 1651(a) (#41). Filed one week before hearing the Supervised Release Violation ("SRV"), such motion raises issues under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Among those issues is a claim by defendant/petitioner that he is actually innocent and that the violation notice should, therefore, be dismissed.

The court will first consider the Motion to Dismiss the now pending violation notice in the criminal action, United States v. Funderburk, 3:04cr121. The court will then conduct an initial screening of the "Motion to Vacate under 28 U.S.C. § 2255 and/or 28 U.S.C. § 2241, and/or for a Writ of *Coram Nobis* pursuant to 28 U.S.C. 1651(a)" in the civil action, Funderburk v. United States, 3:12cv118.

## FINDINGS AND CONCLUSIONS

**I. Motion to Dismiss in the Criminal Action**

As to the criminal action, review of the pleadings reveals that defendant has been detained awaiting the February 29, 2012, SRV hearing since his arrest March 3, 2011, due to a series of continuances. Initial review of *possible* sentencing options if a violation is found reveals that defendant *may* face a 12 month sentence on this violation with no further

supervision. While this court has continued a number of Simmons related motions in other cases based on an impending decision from the Court of Appeals for the Fourth Circuit in United States v. Powell, 11-6152 (4th Cir. 2011), the court does not have before it and would not be inclined to grant a further continuance of the SRV hearing on February 29, 2012, inasmuch as such would likely subject defendant to incarceration past March 2012.

Turning to the merits of the Motion to Dismiss the violation notice, defendant contends that he is entitled to dismissal of the violation because Simmons invalidates the underlying conviction. By bringing such motion attacking the violation notice, defendant has launched a impermissible collateral attack on his felon-in-possession conviction. Courts have consistently held that

> the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding.

United States v. Warren, 335 F.3d 76, 78 (2d Cir.2003) (collecting cases); see United States v. Neal, 2011 WL 6275941 (4th Cir. Dec. 16, 2011)(citing Warren with approval).[1] Defendant's Motion to Dismiss the SRV petition on such basis will, therefore, be denied.

**II.     Motions in the Civil Action**

As to the motions in the civil action, the court has conducted an initial screening of the petition under Rule 4(b) of the Rules Governing 2255 Proceedings, and finds, as follows:

(1)   the petition has been signed by counsel for petitioner (see Rule 2(b)(5), 28 U.S.C. § 2255);

(2)   as petitioner is presently awaiting disposition of his SRV violation and remains under the Supervised Release provisions of this court's judgment, petitioner is arguably "in custody under sentence of a court" meeting the in-custody

---

[1]   Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

requirements of § 2255(a);[2]

(3) while not filed within one year of the date on which his judgment of conviction became final, petitioner has, through counsel, asserted possible reasons under § 2255(f) why such petition may be timely; and

(4) petitioner has asserted claims that may be cognizable under § 2255(a).

Upon consideration of the motion and the record of prior proceedings, the court determines that the United States Attorney should file a response to the petitioner's allegations. Specifically, the court finds that the following claims have been raised:

    I. Petitioner is Entitled To § 2255 Relief Because:
        A. *Carachuri-Rosendo* Established a New Substantive Rule;
        B. Actual Innocence Overcomes Procedural Default;
        C. Equitable Tolling Is Warranted;

    II. Alternatively, Petitioner Is Entitled to § 2241 Relief;

    III. If Petitioner is Precluded from Relief Under §§ 2255 and 2241, he is Entitled to *Coram Nobis* Relief.

The court will direct that the United States Attorney file an Answer or other responsive pleading in this case within sixty (60) days of a decision issuing in United States v. Powell, supra.

## ORDER

**IT IS, THEREFORE, ORDERED** that

1. defendant's Motion to Dismiss the petition in the Supervised Release Violation now pending in 3:04cr121 is **DENIED**; and

2. the United States Attorney shall file an Answer or other responsive pleading in 3:12cv118 within sixty (60) days of a decision issuing in United States v. Powell, supra.

---

[2] The viability of the Section 2255 and 2241 claims (Claims I and II) may, however, be short lived depending on the outcome of the February 29, 2012, SRV hearing.

Signed: February 24, 2012

Max O. Cogburn Jr.
United States District Judge